**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
:
T.S., S.S., and R.S.,                                       :
                                                            :  No. 20-cv-8724 (ER) (OTW)
         Plaintiffs,                                        :
                                                            :  **STIPULATION AND** ~~**PROPOSED**~~
   -against-                                                :  **PROTECTIVE ORDER**
                                                            :
THE ROCKEFELLER UNIVERSITY                                  :
A/K/A ROCKEFELLER UNIVERSITY                                :
HOSPITAL F/K/A THE ROCKEFELLER                              :
INSTITUTE AND THE ROCKEFELLER                               :
INSTITUTE FOR MEDICAL                                       :
RESEARCH,                                                   :
                                                            :
         Defendant.                                         :
-------------------------------------------------------------x

    WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designated materials need protection from disclosure because they contain "Confidential Information." Confidential Information means information, including data, summaries, and compilations derived therefrom, (a) that has not been publicly disclosed and that contains sensitive scientific, medical, financial, and/or commercial information and/or information of a personal nature, such as private information as defined in the New York SHIELD Act (N.Y. Gen. Bus. Law § 899-aa(1)(b)); or (b) that is "Confidential Health Information," as defined below.

    a. "Confidential Health Information" shall include "patient information," as defined in New York State Public Health Law § 18(1)(e), and/or "protected health information" and "individually identifiable health information," as defined in 45 C.F.R. § 160.103, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996, as amended (collectively, "HIPAA"), and which is permitted to be disclosed in the context of judicial and administrative proceedings pursuant to 45

1

        C.F.R. § 164.512(e)(1), subject to certain requirements contained therein. Confidential Health Information includes any information that identifies an individual in any manner and is related to (1) the past, present, or future care, services, or supplies relating to the health or condition of such individual, (2) the provision of health care to such individual, or (3) the past, present, or future payment for the provision of health care to such individual.  Confidential Health Information includes medical bills, claim forms, charge sheets, medical records or cards, medical charts, test results, prescriptions, medical notes and dictation, medical invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks in payment of medical services or supplies, medical notices and requests, social security numbers, and similar information.  Confidential Health Information includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information.  Confidential Health Information also includes any materials subject to the confidentiality provisions of any applicable federal, state, or local law, including, but not limited to the New York Public Health Law, New York Civil Practice Law & Rules § 4504, other applicable privacy laws, or any applicable statutory or common law. For the avoidance of doubt, Confidential Health Information may include information pertaining to medical or mental health treatment.

2. Except as set forth in paragraph 10, information and documents designated by a party as Confidential Information will be stamped "CONFIDENTIAL."  Materials that are identified by a non-party as Confidential Information will be treated as confidential under this Order regardless of whether the non-party is or becomes a signatory to this Order.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in this action.  No party receiving Confidential Information may disseminate or cause the dissemination of any Confidential Information to any person not reasonably involved in the prosecution, defense, settlement, or related insurance coverage litigation ("Coverage Litigation") of this action.

4. Nothing in this Order will affect or restrict a party's maintenance, use, and/or disclosure of its own documents or information produced in this action. Disclosures (other than public disclosures) by a party of its own documents or information will not affect any designation as Confidential Information under this Order.  Nothing in this Order will prevent or restrict counsel from rendering advice to their clients, and in the course thereof, relying on an examination of Confidential Information.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of

    a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

6. Confidential Information shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;
    b. Employees or vendors of such counsel assigned to and necessary to assist in this action;
    c. Consultants, experts or mock jurors assisting in the prosecution or defense of this action, to the extent deemed necessary by counsel;
    d. Any insurers and reinsurers of the parties, including their counsel, experts, and/or consultants in the Coverage Litigation, upon the appropriate entry of a confidentiality order in the Coverage Litigation and the insurers, reinsurers, their counsel, experts, and consultants agreeing to be bound by that order's terms;
    e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court) in this action; and
    f. Any court reporter and associated support staff employed in this action.

7. Before disclosing or displaying the Confidential Information to any person listed in paragraph 6, counsel for the receiving party must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this action and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8. Notwithstanding the limitations on the use and disclosure of Confidential Information in this Order, nothing in this Order shall be construed as (i) limiting any waiver of physician-patient privilege by a plaintiff by reason of bringing this action and asserting claims for damages, or (ii) limiting or preventing a defendant from disclosing a plaintiff's patient-identifying information to the extent necessary in seeking third party discovery, in accordance with the parties' So Ordered Joint Stipulation for Order on Plaintiffs' Anonymity (ECF No. 16) ("Anonymity Order").

9. Regardless of whether a document or information that contains the name of a Plaintiff is designated "CONFIDENTIAL," such document or information shall be protected and treated in accordance with the Anonymity Order.

10. When Confidential Information is disclosed in the course of a deposition:

    a. All or portions of the deposition and deposition exhibits will be designated as "CONFIDENTIAL" as appropriate, subject to the provisions of this Order either by (i) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will mark it as "Confidential Information Governed by Protective Order," or (ii) notifying the reporter and all counsel of record, in writing, within 30 days of receipt of a final deposition transcript of the portion that contains Confidential Information, and the party designating the material as confidential shall reproduce that portion with the appropriate designation. During that 30-day period, all parties will treat the entire deposition transcript as if it had been designated as Confidential Information. The parties may also agree to treat a deposition transcript as Confidential Information in its entirety until trial.

    b. The party that has designated information as Confidential Information will have the right to exclude from the deposition, during such time as the Confidential Information is to be disclosed, any person not identified in Paragraph 6 of this Order.

11. The production of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

12. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

13. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

14. Notwithstanding the designation of information as Confidential Information in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

15. At the conclusion of this action, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected and shall not be used for any purpose other than this action.

16. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains continuing jurisdiction over all persons subject to this Order for enforcement of the provisions of this Order or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED**.

| CUTI HECKER WANG LLP | COHEN & GRESSER LLP |
|---|---|
| By:  /s/Mariann Meier Wang | By:  /s/ Mark Spatz |
| Mariann Meier Wang | Mark S. Cohen |
| Alexander Goldenberg | Mark Spatz |
| Alice G. Reiter | Oliver Haker |
| 305 Broadway, Suite 607 | David Lisner |
| New York, New York 10007 | 800 Third Avenue, 21st Floor |
| (212) 620-2603 | New York, New York 10022 |
| | (212) 957-7600 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

**SO ORDERED**.

Hon.  Edgardo Ramos
United States District/~~Magistrate~~ Judge

Dated: New York, New York
       February 23, 2021

## **Agreement**

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the action titled *T.S. et al. v. The Rockefeller University*, No. 20-cv-8724 (ER) (OTW) (S.D.N.Y.), have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court, a copy of which I have received.

  I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this action or insurance action related to this action.  I will return all Confidential Information to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within Materials designated as Confidential.

DATED:

_____


Signed in the presence of:


_____

(Attorney)